UNITED STATES of America,
Appellee,

v.

Willard WILLIAMS, Appellant.

No. 431, Docket 30594.

United States Court of Appeals
Second Circuit.

Motion Submitted May 8, 1967.

Decided June 12, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Roger Goldburg, Richard A. Givens and John E. Sprizzo, Asst. U. S. Attys., New York City, for appellee.

Anthony F. Marra and Joshua N. Koplovitz, New York City, for appellant.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

On April 20, 1967, this panel of the court affirmed from the bench, without opinion, appellant's conviction and ten-year sentence after a trial before Judge Bonsal in the Southern District of New York for receiving, transporting, and facilitating the transportation of cocaine known to be illegally imported, in violation of 42 Stat. 596 (1922), as amended, 21 U.S.C. § 173, and 70 Stat. 570 (1956), 21 U.S.C. § 174.

Counsel assigned to appellant under the Criminal Justice Act, 18 U.S.C. § 3006A, Anthony F. Marra, Esq., and Joshua N. Koplovitz, Esq., attorneys of the Legal Aid Society, now seek leave to withdraw without filing a petition for a writ of certiorari in the Supreme Court of the United States, as appellant has requested that they do, on the ground that upon reviewing the record they are "of the opinion that the case does not present any issues which the Supreme Court will agree to consider on review." They

have so advised the appellant, and have sent him a detailed instruction sheet setting forth the procedure for filing a petition for certiorari *pro se*.

 Having studied the briefs and heard the argument upon appeal, we conclude that this case presents no issues arguably worthy of review by the Supreme Court. Appellant's first contention on appeal was that he did not constructively possess the cocaine when it was found in a safe deposit box held in his name, as he was in prison when it was found. But either past or present possession suffices to raise an inference of knowledge of illegal importation under 21 U.S.C. § 174, Rodella v. United States, 286 F.2d 306 (9 Cir. 1960), cert. denied, 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199 (1961), and there was uncontradicted testimony that appellant opened the box and that no one else had access to it thereafter until the cocaine was found. Appellant next argued that he should have been granted a hearing on the allegation that the search warrant under which the safe deposit box was opened was the fruit of an illegal search of his common-law wife's apartment. However, appellant presented in support of his application for a hearing only the affidavit of his counsel upon information and belief, without any showing that he or his common-law wife was unavailable to supply an affidavit. Finally, appellant contended that he was denied a speedy trial. But the record shows that the delay in bringing him to trial was caused by adjournments requested by his counsel so that he could undergo treatment in a Buffalo hospital.

This court's plan under the Criminal Justice Act provides that appointed counsel shall, if requested, file a petition for certiorari after an adverse decision by this court.[1] However, where counsel apply to be relieved of this duty, and this court's prior consideration of the appeal discloses that a petition for certiorari would be frivolous, as it does here, we believe that counsel should be relieved. Appellant's appointed counsel represented him as an advocate upon appeal, and we have been fully advised of the facts of record and the legal contentions which can be based upon them. Compare Camodeo v. United States, 387 U.S. 575, 87 S.Ct. 2070, 18 L.Ed.2d 966 (1967); Anders v. State of California, 386 U.S. 264, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Accordingly, we grant the motion and relieve Anthony F. Marra, Esq., Joshua N. Koplovitz, Esq., and the Legal Aid Society from their assignment.

---

1. Paragraph (III) (5) of this court's plan under the Criminal Justice Act reads:

    If, after an adverse decision by the Court of Appeals, a review by the Supreme Court of the United States is to be sought, the appointed attorney shall, after communication with the appellant and if requested to do so, prepare and file a petition for certiorari and other necessary and appropriate documents in connection therewith.